UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JULIUS R. NASSO                                        **CIV.NO.** 10 Civ.2277 (SHS)

                    Plaintiff,

                                                       **AFFIDAVIT OF**
                                                       **ZACHARY A. KOZAK**
        -against-                                      **IN SUPPORT OF**
                                                       **MOTION FOR DEFAULT**


STEVEN SEAGAL and STEAMROLLER
PRODUCTIONS, INC.

                    Defendants.
------------------------------------------------------------X

        ZACHARY A. KOZAK, an attorney duly admitted to appear in the Courts of New York

State, affirms the following under penalties of perjury pursuant to F.R. Civ. P. 55.1 and 55.2(a)

as follows:

1.      I am the attorney for the plaintiff in the above captioned action, and as such I am

personally familiar with the facts stated herein.

2.      I submit this declaration pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the

Southern District of New York, in support of plaintiff's within motion for default judgment since

defendants, Steven Seagal and Steamroller Productions Inc., have failed to timely appear, plead

or otherwise defend this action.

3.      This action was commenced on March 15, 2010 by the filing of a Summons and Verified

Complaint with the United States District Court for the Southern District of New York against

defendants Steven Seagal and Steamroller Productions Inc.  (See Exhibit A attached hereto).

4.   Jurisdiction of the subject matter of this action is based on the forum selection clause of the underlying agreement and diversity jurisdiction. The amount in controversy is greater than $75,000.

5.   This case, filed by plaintiff, arises out of Defendants breach of a December 21, 2007 settlement agreement and release ("Agreement") between plaintiff and defendants, which provided for payments from defendants to plaintiff -over a five (5) year period- of which only thirty five thousand dollars ($35,000) has been paid thus far, and one hundred and sixty-five thousand dollars ($215,000) is past due and remains outstanding. (See Exhibit B attached hereto).

6.   As a result of Defendants' continuing breach of the Agreement, plaintiff has suffered and continues to suffer harm in the amount of two hundred and fifteen thousand dollars ($215,000), exclusive of interest, attorney's fees, costs and future required payments.

7.   Additionally, failure by Defendants to cure any such default within twenty-four (24) business days shall result in the outstanding payment accruing interest thereon at a rate of ten percent (10%) per annum.

8.   Defendant, Steven Seagal was duly served with a copy of the Summons and Complaint on May 25, 2010 at 4:40 p.m. by personal delivery and proof of service was filed. (See Exhibit C attached hereto).

9.   Defendant, Steamroller Productions, Inc. was duly served with a copy of the Summons and Complaint on April 6, 2010 at 2:06 p.m. by personal delivery and proof of service was filed. (See Exhibit D attached hereto).

10.   On June 10, 2010, a pretrial conference was held before Judge Sidney H. Stein, at which the defendants failed to appear.

11.    As of June 22, 2010, the date of this affirmation, defendants Steven Seagal and Steamroller Productions Inc., have failed to interpose a timely answer and/or appear in this action.

12.    According to the June 10, 2010 Order by Judge Stein, plaintiff is entitled to move for a default judgment against the defendants. (See Exhibit E attached hereto).

13.    Individual defendant Seagal is not an infant, in the military, or incompetent.

14.    As such plaintiff is entitled to default judgment for the sum certain of two hundred and fifteen thousand dollars ($215,000) plus interest at a rate of 10% per annum, calculated from January 25, 2010 and/or the earliest date that a payment was to be made, accruing from the breach, as well as all costs, fees, expenses, including reasonable attorney's fees incurred by the plaintiff in this action.

WHEREFORE, plaintiff respectfully requests the entry of Default and the entry of the annexed Judgment against defendants, as well as such other and further relief as may be just and proper.

Dated: New York, New York
       June 22, 2010

                    HANTMAN & ASSOCIATES
                    Attorneys for Plaintiff

                    By: _____
                        Zachary A. Kozak
                        1515 Broadway
                        11th Floor
                        New York, NY 10032
                        (212) 684-3933
                        Fax (212) 520-4301

Sworn to before me this
22nd Day of June, 2010.

CARLOS M. CARVAJAL
NOTARY PUBLIC - STATE OF NEW YORK
No. 01CA6092169
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 22, 20__

# EXHIBIT A

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| JULIUS R. NASSO | ) |
| | ) |
| _Plaintiff_ | ) |
| | ) |
| v. | ) |
| STEVEN SEAGAL and STEAMROLLER | ) |
| PRODUCTIONS, INC. | ) |
| _Defendant_ | ) |

10  CV  2277

JUDGE STEIN

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Steven Seagal
and
Steamroller Productions, Inc.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   HANTMAN & ASSOCIATES
1515 BROADWAY, 11TH FLOOR
NEW YORK, NY 10036

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON

_CLERK OF COURT_

Date:        03/16/2010

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____; or

_____ ; or

☐ I returned the summons unexecuted because _____

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____       _____
                                        *Server's signature*

                               _____
                                        *Printed name and title*


                               _____
                                        *Server's address*


Additional information regarding attempted service, etc:

*JUDGE STEIN*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

**10 CV 2277**

JULIUS R. NASSO

                Plaintiff,

        -against-

STEVEN SEAGAL and STEAMROLLER
PRODUCTIONS, INC.

                Defendants.
-------------------------------------------------X

**CASE NO.**

**COMPLAINT**

RECEIVED
MAR 16 2010
U.S.D.C. S.D.N.Y.
CASHIERS

    JULIUS R. NASSO by his undersigned attorneys, Hantman & Associates, for his complaint, alleges as follows:

## INTRODUCTION

1. This case arises out of Defendants breach of a December 21, 2007 settlement agreement and release ("Agreement") between Julius R. Nasso ("Nasso"), and Steven Seagal ("Seagal") and Steamroller Productions, Inc. ("Steamroller") (collectively referred to as "Defendants") which provided for payments from defendants to Nasso[1] - over a five (5) year period- of which only thirty five thousand dollars ($35,000) has been paid thus far, and one hundred and sixty-five thousand dollars ($ 165,000) is past due and remains outstanding - exclusive of interest and legal fees, and specifically does not include those payments required to be made in the future which, if not paid in a timely manner, will be the subject of future lawsuits.

---

[1] In addition to a letter from Mr. Seagal requesting a pardon for Mr. Nasso.

1

## BACKGROUND

2. Nasso commenced a lawsuit against Defendants on March 21, 2002 in the Supreme Court of New York, County of Richmond, Index No. 010940/02 and filed an amended complaint on October 26, 2002.

3. By Notice of Removal, dated January 27, 2003, the State Court Action was removed to the United States District Court for the Eastern District of New York, Case No. 03-Civ.-442 (CPS)(RML).

4. Subsequently, on August 30, 2007, Segal and Steamroller, Inc., filed a lawsuit against Nasso in the Supreme Court of New York, County Richmond, Index No. 103381/07.

5. By Notice of Removal, dated September 27, 2007, the State Court Action was removed to the United States District Court for the Eastern District of New York, Case No. 07-Civ.-4055(DLI)(CLP).

6. Nasso and Defendants, in order to settle all litigation between them, agreed to and entered into the December 21, 2007 Agreement, which has since been breached by Defendants and has therefore given rise to this action.

## PARTIES

7. Plaintiff Nasso is an individual who resides in the State of New York.

8. Upon information and belief, Defendant Seagal is an individual who is a resident of the State of California.

9. Upon information and belief, Defendant Steamroller is a California company and is owned and controlled in its entirety by Seagal.

2

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332, because it is a civil action between citizens of different States, where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

11. Venue is proper in this District in accordance with the venue selection clause contained in the underlying Agreement.

## FIRST CLAIM
## BREACH OF SETTLEMENT AGREEMENT
## (AGAINST ALL DEFENDANTS

12. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 11 above as if set forth fully herein.

13. The terms of the Agreement called for Nasso and Defendants to terminate all existing agreements between them and to cooperate with each other and to forever settle all disputes and claims among them, including the release and dismissal of all claims.

14. Paragraph 2 of the Agreement states that defendant Steamroller agrees to pay Nasso a sum certain as a settlement payment in installments in accordance with the a payment schedule which has been listed in part below:

    a. Within ninety (90) days from the Execution Date (i.e., by March 20, 2008), Steamroller shall pay to the order of Nasso the sum of Twenty Five Thousand Dollars ($25,000).

    b. Within one year from the Execution Date (i.e., December 21, 2008), Steamroller shall pay to the order of Nasso the sum of Seventy Five Thousand Dollars ($75,000).

3

c. Within eighteen (18) months from the Execution Date (i.e., by June 21, 2009), Steamroller shall pay to the Order of Nasso the sum of Fifty Thousand Dollars ($50,000).

d. Within two years from the Execution Date (i.e., by December 21, 2009), Steamroller shall pay to the Order of Nasso the sum of Fifty Thousand Dollars ($50,000) – as other payments are due in the future they are not part of this lawsuit.

15. In accordance with paragraph 3 of the Agreement, Nasso shall cause all corporations and other entities containing the names of Seagal and Nasso together, including Seagal-Nasso Productions, Inc., Seagal-Nasso Distribution LLC, and Seagal-Nasso Films, Inc., to be dissolved.

16. Paragraph 2 and 3 of the Agreement were subsequently amended in part as of February 3, 2009 in accordance with Amendment No. 2 to Settlement Agreement and Releases ("Amendment 2") (a true and accurate copy of which is attached hereto as **Exhibit A**), which was prepared by the law firm of McDermott Will & Emery, LLP, attorneys for Defendants along with, upon information and belief, Chadbourne & Park who also represented Defendants.

17. The Amendment was signed and returned by Nasso as was requested and all obligations of Nasso were satisfied.

18. Amendment 2 amended the payment schedule included in paragraph 2 of the Agreement so that Defendant's first payment due would be in the amount of thirty-five thousand dollars ($35,000) and the second payment due would be in the amount of sixty-five thousand dollars ($65,000). **(Exhibit A)**

4

19. Additionally, Amendment 2 amended Nasso's obligations under paragraph 3 of the Agreement, thereby causing Defendants to assume Nasso's obligation under paragraph 3 of the Agreement with respect to the dissolution of Seagal-Nasso Films, Inc., a California corporation, as Nasso had nothing to do with this entity and had no control over its dissolution, as any information relating to this entity was known only to Seagal and, upon information and belief, his business advisor Robert Harabedian, who both reside in California (**Exhibit A**).

20. As of the date of the filing of this complaint, Defendants have breached the Agreement and are in default under the terms of the Agreement and Amendment 2, as Defendants have failed to make three consecutive payments to Nasso in accordance with the terms of paragraph 2(b), (c), (d) of the Agreement and Amendment 2, which amounts to a total of one hundred and sixty-five thousand dollars ($165,000) past due and owing.

21. Nasso is in compliance with, and has fulfilled all of his obligations in accordance with the terms of the Agreement and Amendment 2, as Nasso has caused Seagal-Nasso Productions, Inc., and Seagal-Nasso Distribution, LLC, to be dissolved, as evidenced by the individual Corporate Registration Status of the companies. True and accurate copies of which are attached hereto as **Exhibit B**).

22. In the event of any failure by Defendants to make a timely payment as set forth in the Agreement, Nasso was required to send notice to Defendants in accordance with paragraph 17 of the Agreement and provide Defendants twenty-four (24) business days to cure same.

23. Failure by Defendants to cure any such default within twenty-four (24) business days shall result in the outstanding payment accruing interest thereon at a rate of ten percent (10%) per annum.

24. Nasso has made numerous attempts to contact Defendants and notify them of their failure to make timely payments as required under the terms of the Agreement and Amendment 2, including a January 11, 2010, letter from Hantman & Associates ("Notice of Default"), which was sent to all necessary parties in accordance with paragraph 17 of the Agreement. (A true and accurate copy of the Notice of Default is attached hereto as Exhibit C)[2].

25. Despite Nasso's good faith attempts to notify Defendants of their default and provide them with the requisite twenty-four (24) days to cure, over two months time has passed and Defendants have yet to cure said default.

26. Hantman & Associates has been informed via e-mail, by Abbe D. Lowell, Esq. of McDermott Will & Emery, LLP, that he and his firm no longer represent Defendants[3].

27. As a result of Defendants' continuing breach of the Agreement and Amendment 2, Nasso has suffered and continues to suffer harm in the amount of one hundred and sixty-five thousand dollars ($165,000), exclusive of interest, attorney's fees, costs and future required payments.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief against defendants jointly and severally:

---

[2] Earlier notices included, but are not limited to, e-mails dated 12/09/09; 12/27/09; 12/30/09 and 3/02/10. (True and accurate copies of which are attached hereto as Exhibit D).

[3] This is not surprising as, upon information and belief, Defendants previous firms of Loeb & Loeb, Schulte Roth & Zabel or Chadbourne & Parke, are in litigation with Mr. Seagal and are owed money by Mr. Seagal and/or Steamroller.

a.  On plaintiff's First Claim, one hundred and sixty-five thousand dollars ($165,000) in accordance with the terms of the Agreement and Amendment 2, plus interest at a rate of 10% per annum calculated from January 25, 2010 and/or the earliest date that that a payment was to be made.

b.  All costs, fees, expenses, including reasonable attorney's fees incurred by the Plaintiff in this action; and

c.  For such other relief as this court may deem just and proper.

Respectfully submitted,

HANTMAN & ASSOCIATES

New York, New York
Dated: March 15, 2010

By: Robert J. Hantman, Esq.
1515 Broadway
11th Floor
New York, NY 10036
(212) 684-3933
Fax- (212) 520-4301
www.hantmanlaw.com

# EXHIBIT A

AMENDMENT NO. 2
TO
SETTLEMENT AGREEMENT AND RELEASES

AMENDMENT NO. 2 dated as of February 3, 2009 ("Amendment No. 2") to SETTLEMENT AGREEMENT AND RELEASES dated as of December 21, 2007 ("Settlement Agreement") (the Settlement Agreement, as amended hereby and by Amendment No. 1 dated as of September 22, 2008, is hereinafter referred to as the "Agreement") by and among Julius R. Nasso ("Nasso"), individually and as shareholder of Seagal-Nasso Productions, Inc., Seagal-Nasso Distribution LLC and Seagal-Nasso Films, Inc. (collectively, the "Nasso Parties"), and Steven Seagal ("Seagal") and Steamroller Productions, Inc. ("Steamroller") (collectively, the "Seagal Parties").

WITNESSETH:

WHEREAS, the parties desire to amend certain provisions of the Agreement as provided herein.

NOW, THEREFORE, the parties hereto agree as follows:

ARTICLE I

AMENDMENTS TO AGREEMENT

1.1    This Amendment No. 2 amends, restates and supersedes Amendment No. 1 referenced above.

1.2    The Nasso Parties continue to have the obligation to cause the dissolution of all three (3) of the Seagal-Nasso Entities described in Paragraph 3 of the Agreement. Without waiving any rights or remedies available to them and notwithstanding the fact that said obligation has not yet been satisfied, the Nasso Parties shall make the following payments to the Nasso Parties:  (i) the first payment pursuant to Paragraph 2 of the Agreement in the amount of $25,000; and (ii) $10,000 against the second payment of $75,000, for a total of $35,000 within ten (10) business days following the execution of this Amendment No. 2 by the Nasso Parties.

1.3    The Seagal Parties, with the cooperation of the Nasso Parties, shall assume the Nasso Parties' obligation in the Agreement to dissolve Seagal-Nasso Films, Inc., a California corporation. In order to accomplish the dissolution, the Seagal Parties shall prepare and file applicable tax and corporate filings in order to place Seagal-Nasso Films, Inc. in a position to be reinstated and subsequently dissolved. The Seagal Parties shall pay one hundred percent (100%) of all of the back taxes, penalties and associated accounting and attorneys' fees necessary to prepare and file such applicable tax and corporate filings. Thereafter, the Seagal Parties shall pay one hundred percent (100%) of all of the fees and associated accounting and attorneys' fees necessary to prepare and file all applications and forms necessary to complete the dissolution of



NASSO PARTIES                    SEAGAL PARTIES

Seagal-Nasso Films, Inc. Following the dissolution of Seagal-Nasso Films, Inc., the Seagal Parties shall send to the Nasso Parties copies of all written documentation prepared and filed evidencing the completion of the dissolution of Seagal-Nasso Films, Inc.

1.4     The Nasso Parties shall send to the Seagal Parties copies of all written documentation prepared and filed evidencing the completion of the dissolutions in all applicable jurisdictions of both Seagal-Nasso Productions, Inc. and Seagal-Nasso Distribution LLC as described in Paragraph 3 of the Agreement. Within ten (10) business days following (i) the receipt by the Seagal Parties from the Nasso Parties of such written documentation to the Seagal Parties' satisfaction, and (ii) the completion of the dissolution of Seagal-Nasso Films, Inc. in all applicable jurisdictions, the Seagal Parties will then deduct, from the second payment to be made to the Nasso Parties pursuant to Paragraph 2 of the Agreement in the amount of $75,000 (less $10,000 payable in accordance with Paragraph 1.2 hereof), fifty percent (50%) of all of the back taxes, penalties and associated accounting and attorneys' fees incurred by the Seagal Parties as specified above, and remit the difference to the Nasso Parties in full satisfaction of such second payment.

1.5     Nasso hereby grants the right and authority to any of the Seagal Parties for the sole and limited purposes of executing any and all applicable tax and corporate filings, forms, returns and applications in connection with the reinstatement and dissolution of Seagal-Nasso Films, Inc. in his name, place and stead and as his attorney-in-fact for such purposes, which power is coupled with an interest and is irrevocable.

## ARTICLE II

### MISCELLANEOUS

2.1  Except as amended by this Amendment No. 2, all other terms and provisions of the Agreement shall continue in full force and effect and unchanged and are hereby reconfirmed in all respects.

2.2  This Amendment No. 2 shall be governed by, and construed in accordance with, the laws of the State of New York.

2.3  This Amendment No. 2 may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. This Amendment No. 2 may be executed by facsimile and scanned copy by e-mail, and signatures on a facsimile or scanned copy hereof shall be deemed authorized original signatures.

IN WITNESS WHEREOF, the parties have executed this Amendment No. 2 as of the day and year first above written

Julius R. Nasso, an individual

NASSO PARTIES                    SEAGAL PARTIES

2

SEAGAL-NASSO PRODUCTIONS, INC.

By: _____
Julius R. Nasso
Title: _____

SEAGAL-NASSO DISTRIBUTION LLC

By: _____
Julius R. Nasso
Title: _____

SEAGAL-NASSO FILMS, INC.

By: _____
Julius R. Nasso
Title: _____

_____
Steven Seagal, an individual

STEAMROLLER PRODUCTIONS, INC.

By: _____
Steven Seagal, President

NASSO PARTIES          SEAGAL PARTIES

# EXHIBIT B

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through February 26, 2010.

Selected Entity Name: SEAGAL NASSO PRODUCTIONS, INC.
Selected Entity Status Information
**Current Entity Name:** SEAGAL NASSO PRODUCTIONS, INC.
**Initial DOS Filing Date:** JULY 12, 1990
**County:** KINGS
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** INACTIVE - Dissolution (Feb 22, 2008)

Selected Entity Address Information
**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
SEAGAL NASSO PRODUCTIONS, INC.
5824 12TH AVE
BROOKLYN, NEW YORK, 11219-4513
**Chairman or Chief Executive Officer**
JULIUS NASSO
5824 12TH AVE
BROOKLYN, NEW YORK, 11219-4513
**Principal Executive Office**
SEAGAL NASSO PRODUCTIONS, INC.
5824 12TH AVE
BROOKLYN, NEW YORK, 11219-4513
**Registered Agent**
NONE

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate
of incorporation, however this information is not

Entity Information

recorded and only available by <u>viewing the certificate.</u>

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

\*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| JUL 12, 1990 | Actual | SEAGAL NASSO PRODUCTIONS, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

<u>Search Results</u>                    <u>New Search</u>

<u>Services/Programs</u>  |  <u>Privacy Policy</u>  |  <u>Accessibility Policy</u>  |  <u>Disclaimer</u>  |  <u>Return to DOS</u>
                           <u>Homepage</u>  |  <u>Contact Us</u>  |  <u>Web Feedback</u>

Entity Details - Secretary of State, Nevada

# SEAGAL-NASSO DISTRIBUTION CO., LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Dissolved | File Date: | 9/01/1998 |
| Type: | Domestic Limited-Liability Company | Entity Number: | LLC5006-1998 |
| Qualifying State: | NV | List of Officers Due: | 9/30/2001 |
| Managed By: | Managers | Expiration Date: | 12/31/2026 |
| NV Business ID: | NV19981050104 | Business License Exp: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | GKL RESIDENT AGENTS/FILINGS, INC. | Address 1: | 1000 EAST WILLIAM STREET STE 204 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | Status: | Active |
| Jurisdiction: | NEVADA | | |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

No stock records found for this company

## Officers

☐ Include Inactive Officers

Managing Member - SEAGAL-NASSO FILMS INC, A CA CORP

| | | | |
|---|---|---|---|
| Address 1: | 3550 WILSHIRE BLVD., #840 | Address 2: | |
| City: | LOS ANGELES | State: | CA |
| Zip Code: | 90010 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Articles of Organization | # of Pages: | 1 |
| Document Number: | LLC5006-1998-001 | Effective Date: | |
| File Date: | 9/01/1998 | | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | # of Pages: | 1 |
| Document Number: | LLC5006-1998-004 | Effective Date: | |
| File Date: | 8/30/1999 | | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | # of Pages: | 1 |
| Document Number: | LLC5006-1998-002 | Effective Date: | |
| File Date: | 8/07/2000 | | |

List of Officers for 2000 to 2001

| | | | |
|---|---|---|---|
| Action Type: | Dissolution | # of Pages: | 1 |
| Document Number: | LLC5006-1998-003 | Effective Date: | |
| File Date: | 10/29/2001 | | |

(1)PG. JEP

# EXHIBIT C

HANTMAN & ASSOCIATES
ATTORNEYS AT LAW
1515 Broadway
11TH FLOOR
NEW YORK, NEW YORK 10036
(212) 684-3933
FAX  (212) 520-4301
www.Hantmanlaw.com

ROBERT J. HANTMAN*◻^
CARLOS M. CARVAJAL*
ZACHARY A. KOZAK*◻
KANO MITCHELL*

*New York Bar
◻New Jersey Bar
^Also admitted to Pennsylvania and Florida Bars

NEW JERSEY OFFICE:
JOSEPH J. FERRARA
OF COUNSEL
111 PATTERSON AVENUE
HOBOKEN, NEW JERSEY  07030
TEL.: (201) 798-5010
FAX: (201) 798-5070

January 11, 2010

<u>Via Fed Ex</u>

Mr. Steven Seagal
c/o Steamroller Productions, Inc.
1438 North Gower Street
Building 70, Room 222
Hollywood, CA 90028

     Re:   Nasso v. Seagal

Dear Mr. Seagal

     In accordance with the enclosed settlement agreement ("Agreement") dated September 21, 2007; this letter shall constitute notice pursuant to paragraph 17 of the Agreement.

     As reflected in a number of e-mails directed to your previous counsel, Abbe Lowell, and reiterated herein, YOU ARE IN DEFAULT and have been in default since last June under the terms of the Agreement.  Unless you have records to prove otherwise we believe that you owe Jules Nasso, pursuant to paragraph 2 of the Agreement, one hundred thousand ($100,000.00) dollars payable immediately and which sum is seriously past due.

     You are also responsible for all legal fees resulting from your default. Therefore please remit immediately one hundred and one thousand five hundred ($101,500.00) dollars to our firm's trust account per the attached wire instructions.  In the event we do not receive full payment from you within the time provided in the Agreement, we will have no alternative but to initiate our client's remedies pursuant to the terms of the Agreement.

     Our client reserves all of his rights and remedies and this letter is not intended to be a fully exhaustive or detailed account of your defaults.

     Are you still represented by counsel?  If so, who?  Please contact me should you have any questions regarding this matter.

Very truly yours,
Hantman & Associates

Robert J. Hantman

Cc: Abbe D. Lowell, Esq.
Eric Przybylko, Esq.
Julius Nasso

# EXHIBIT D

**From:** Robert J. Hantman, Esq.
**Sent:** Wednesday, December 09, 2009 12:03 PM
**To:** Abbe David Lowell (adlowell@mwe.com)
**Subject:** Nasso Seagal URGENT PAYMENT DUE

Know you are very busy with "Bruno" – not the movie- and Steve is now a Reality TV star but please don't forget that Stevens next payment is due soon – the end of December. Please have the payment sent to Jules directly or emailed to me as in the past if more convenient. Regards

p.s I am in Bolivia now and then going to Paraguay. Any one you want me to meet on your behalf ?

Robert J. Hantman, Esq.
Hantman & Associates
Member, NY, NJ, Fla., and Pa. Bars
1515 Broadway 11th Floor
New York, New York 10036
rhantman@hantmanlaw.com
Office: 212. 684.3933
Direct: 212. 520 4300
Cell:    917. 693 7444
Fax:    212. 520.4301
www.Hantmanlaw.com

Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Real Estate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

-----Original Message-----
From: Robert J. Hantman, Esq.
Sent: Monday, December 28, 2009 7:40 PM
To: adlowell@mwe.com
Subject: Re: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing as proof of notice.

Should I e mail Steven wire instructions? He can wire funds directly to jules account if he prefers. Thxs Robert J. Hantman, Esq.
Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Fax: 212. 520.4301
Cell: 917.693.7444
www.Hantmanlaw.com
Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Real Estate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

----- Original Message -----
From: Lowell, Abbe David <ADLowell@mwe.com>
To: Robert J. Hantman, Esq.
Sent: Mon Dec 28 17:04:55 2009
Subject: RE: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing as proof of notice.

He has had no need for an attorney is quite some time, I think.  So, I am not currently doing anything for him.

-----Original Message-----
From: Robert J. Hantman, Esq. [mailto:rhantman@hantmanlaw.com]
Sent: Monday, December 28, 2009 4:51 PM
To: Lowell, Abbe David
Subject: Re: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing as proof of notice.

Do you still represent Steven ? Regards and thanks.
Robert J. Hantman, Esq.
Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Fax: 212. 520.4301
Cell: 917.693.7444
www.Hantmanlaw.com
Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Real Estate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

----- Original Message -----

From: Lowell, Abbe David <ADLowell@mwe.com>
To: Robert J. Hantman, Esq.
Sent: Mon Dec 28 15:00:42 2009
Subject: Re: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing as proof of notice.

I passed it on

----- Original Message -----
From: Robert J. Hantman, Esq. <rhantman@hantmanlaw.com>
To: Lowell, Abbe David
Cc: juliusrnasso@aol.com <juliusrnasso@aol.com>
Sent: Mon Dec 28 11:29:07 2009
Subject: Fw: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing as proof of notice.

THIRD REMINDER.  LEGAL FEES START NOW THX Robert J. Hantman, Esq.
Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Fax: 212. 520.4301
Cell: 917.693.7444
www.Hantmanlaw.com
Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark,
Intellectual Property, Immigration, Criminal, Corporate, Real Estate,
Matrimonial, International Law, Mergers & Acquisitions, Appeals.

----- Original Message -----
From: Robert J. Hantman, Esq.
To: adlowell@mwe.com <adlowell@mwe.com>
Cc: juliusrnasso@aol.com <juliusrnasso@aol.com>
Sent: Sun Dec 27 11:40:22 2009
Subject: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing  as proof of notice.

Happy Holidays. I have Stevens contact info should you need it. If you no longer represent him let me know ASAP and provide name of new counsel or I can contact him directly. Thank You

Robert J. Hantman, Esq.
Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Fax: 212. 520.4301
Cell: 917.693.7444
www.Hantmanlaw.com
Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark,
Intellectual Property, Immigration, Criminal, Corporate, Real Estate,
Matrimonial, International Law, Mergers & Acquisitions, Appeals.

-----Original Message-----
From: Robert J. Hantman, Esq.
Sent: Wednesday, December 30, 2009 10:05 AM
To: Abbe David Lowell (adlowell@mwe.com)
Cc: Zachary A. Kozak, Esq.
Subject: FW: payments due under C and D unless Steven has paid Jules without our knowledge. thanks rjh

Jules has only received $ 35,000 so C and D are owed. We are contacting Steven directly in accordance with the Notice Provision in the Settlement Agreement. I also have his home number but will only call him with your permission, to simply remind him of his obligations. If we do not hear from him or you we will have no alternative but to seek those remedies provided in the settlement Agreement.
Thanks

Robert J. Hantman, Esq.
Hantman & Associates
Member, NY, NJ, Fla., and Pa. Bars
1515 Broadway 11th Floor
New York, New York 10036
rhantman@hantmanlaw.com
Office: 212. 684.3933
Direct: 212. 520 4300
Cell:   917. 693 7444
Fax:    212. 520.4301
www.Hantmanlaw.com

Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Real Estate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.


-----Original Message-----
From: juliusrnasso@aol.com [mailto:juliusrnasso@aol.com]
Sent: Wednesday, December 30, 2009 9:51 AM
To: Robert J. Hantman, Esq.; adlowell@mwe.com
Cc: Zachary A. Kozak, Esq.
Subject: Re: payments due under C and D unless Steven has paid Jules without our knowledge. thanks rjh

Dear Robert, Only money recieved was 35K last year have not received anything this year.

Thank you.  Please let me know if you are aware of someone that we should contact directly with respect to this matter.

Very truly yours,

Zachary A. Kozak, Esq.

Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Direct: 212. 520.4302
Fax: 212. 520.4301
Cell: 203. 246.6919
www.Hantmanlaw.com

Litigation, Entertainment, Real Estate, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee.  If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited.  If you have received this message in error, please notify the sender immediately by telephone (212-684-3933) or by electronic mail (rhantman@hantmanlaw.com), and delete this message and all copies and backups thereof.  Thank you.

**From:** Lowell, Abbe David [mailto:ADLowell@mwe.com]
**Sent:** Tuesday, March 02, 2010 1:00 PM
**To:** Zachary A. Kozak, Esq.
**Subject:** RE: Nasso/Seagal Settlement Payments

I will attempt to send this on; at the present, I am not serving as Mr. Seagal's counsel.

**From:** Zachary A. Kozak, Esq. [mailto:zkozak@hantmanlaw.com]
**Sent:** Tuesday, March 02, 2010 12:49 PM
**To:** Lowell, Abbe David
**Cc:** juliusrnasso@aol.com; Robert J. Hantman, Esq.
**Subject:** Nasso/Seagal Settlement Payments

Mr. Lowell,

Attached please find copies of the original settlement agreement between Mr. Nasso and Mr. Seagal, Amendment No. 2 to the agreement and current registration status of the three companies referred to in the agreement and amendment.  In accordance with paragraph 1.3 of Amendment No. 2, Mr. Nasso was to be responsible for the dissolution of Seagal Nasso Productions, Inc. and Seagal-Nasso Distribution Co., LLC, while Mr. Seagal was to be responsible for the dissolution of Seagal-Nasso Films, Inc.

As you can see from the attached documentation, Mr. Nasso has fulfilled his obligation and dissolved Seagal Nasso Productions, Inc. and Seagal-Nasso Distribution Co., LLC; however, Mr. Seagal has yet to fulfill his obligation and dissolve Seagal -Nasso Films, Inc.

Accordingly, Mr. Seagal continues to remain in default under the terms of the attached settlement agreement and should immediately remit full payment of the past due payments in the amount of one hundred thousand ($100,000.00) dollars.

Once again, please note that if we do not receive full payment from Mr. Seagal we will have no alternative but to initiate our client's remedies pursuant to the terms of the settlement agreement.

Naturally, this letter is not intended to be fully exhaustive and our client reserves all of his rights and remedies.

Should you wish to discuss this matter further, please contact Mr. Hantman directly at (917) 693-7444.

Very truly yours,

Zachary A. Kozak, Esq.

Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Direct: 212. 520.4302
Fax: 212. 520.4301
Cell: 203. 246.6919
www.Hantmanlaw.com

Litigation, Entertainment, Real Estate, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

**NOTICE:** This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (212-684-3933) or by electronic mail (rhantman@hantmanlaw.com), and delete this message and all copies and backups thereof. Thank you.

# EXHIBIT B

## SETTLEMENT AGREEMENT AND RELEASES

This Settlement Agreement and Releases (the "Settlement Agreement") is made and entered into as of December 21, 2007 (the "Execution Date") by and among Julius R. Nasso ("Nasso"), individually and as shareholder of Seagal-Nasso Productions, Inc., Seagal-Nasso Distribution LLC and Seagal-Nasso Films, Inc. (collectively, the "Nasso Parties"), and Steven Seagal ("Seagal") and Steamroller Productions, Inc. ("Steamroller") (collectively, the "Seagal Parties").

WHEREAS, by Complaint dated March 21, 2002, the Nasso Parties commenced a lawsuit against the Seagal Parties in the Supreme Court of the State of New York, County of Richmond, captioned Julius R. Nasso, individually and derivatively as a shareholder of Seagal-Nasso Productions, Inc., Seagal-Nasso Distribution LLC, and Seagal-Nasso Films, Inc. v. Steven Seagal, Steamroller Productions Inc., Index No. 010940/02 (the "Nasso State Court Action");

WHEREAS, the Nasso Parties filed an Amended Complaint, dated October 26, 2002, in the Nasso State Court Action (the "Nasso Amended Complaint");

WHEREAS, by Notice of Removal dated January 27, 2003, the Nasso State Court Action was removed to the United States District Court for the Eastern District of New York, No. 03-Civ.-442 (CPS) (RML) (the "Nasso Federal Court Action");

WHEREAS, the Seagal Parties answered the Nasso Amended Complaint and moved to dismiss the Nasso State Court Action and the Nasso Federal Court Action;

WHEREAS, by Complaint dated August 30, 2007 (the "Seagal Complaint"), Seagal commenced a lawsuit against Nasso in the Supreme Court of the State of New York, County of Richmond, captioned Steven Seagal v. Julius R. Nasso, Index No. 103381/07 (the "Seagal State Court Action");

WHEREAS, by Notice of Removal dated September 27, 2007, the Seagal State Court Action was removed to the United States District Court for the Eastern District of New York, No. 07-Civ.-4055 (DLI)(CLP) (the "Seagal Federal Court Action");

WHEREAS, Nasso moved to dismiss the Seagal Federal Court Action;

WHEREAS, the parties desire to terminate all existing agreements among the parties, to cooperate with each other and to forever settle all disputes and claims among them;

NOW THEREFORE, to avoid the time, expense, and uncertainty of litigation and without admission of any liability, fault, wrongdoing, unlawful conduct, or failure of performance by any party, and in recognition of mutual misunderstandings, the Nasso Parties and the Seagal Parties agree, for good and valuable consideration exchanged, the receipt and sufficiency of which is hereby acknowledged, as follows:

1

DEC. 22. 2007 11:22AM    COPY SHOP INC.                    NO. 4230   P. 3/17

                                                                    p.2

Dec 21 07 09:59p

Termination of Existing Agreements

1.  Except with respect to this Settlement Agreement, each of the parties hereto hereby agrees, by execution of this Agreement, that any and all existing agreements, whether oral or in writing, among the parties are hereby terminated, without any distributions, obligations or liabilities to any party hereto except as set forth herein.  As a result of such termination, the parties agree that Nasso is not and shall not be considered an employee, manager, member, partner, shareholder, officer and/or director of the Seagal Parties and/or any of their respective Constituents (as defined below) and shall have no involvement whatsoever in the business of the Seagal Parties and/or any of their respective Constituents, and Seagal is not and shall not be considered an employee, manager, member, partner, shareholder, officer and/or director of the Nasso Parties and/or any of their respective Constituents and shall have no involvement whatsoever in the business of the Nasso Parties and/or any of their respective Constituents.

Terms of Payment

2.  Steamroller agrees to pay Nasso the sum of Five Hundred Thousand Dollars ($500,000.00) (the "Settlement Payment").  The Settlement Payment shall be paid in installments according to the schedule specified in paragraphs 2(a)-2(j), below.  Each payment shall be made in the form of a wire transfer to an account maintained by Nasso's counsel, Robert J. Hantman, Esq., or sent by certified check to Nasso c/o Robert J. Hantman, Esq., at Nasso's election.  Nasso or Hantman will provide Steamroller with wire transfer instructions, if applicable.  With respect to the payments specified in paragraphs 2(i)-2(j) below, Steamroller shall place those payments in the client trust account of McDermott Will & Emery LLP to be used for the purpose set forth in paragraph 12 hereof.

(a)  Within ninety (90) days from the Execution Date (i.e., by March 20, 2008), Steamroller shall pay to the order of Nasso the sum of Twenty Five Thousand Dollars ($25,000).

(b)  Within one year from the Execution Date (i.e., by December 21, 2008), Steamroller shall pay to the order of Nasso the sum of Seventy Five Thousand Dollars ($75,000.00).

(c)  Within eighteen (18) months from the Execution Date (i.e., by June 21, 2009), Steamroller shall pay to the order of Nasso the sum of Fifty Thousand Dollars ($50,000.00).

(d)  Within two years from the Execution Date (i.e., by December 21, 2009), Steamroller shall pay to the order of Nasso the sum of Fifty Thousand Dollars ($50,000.00).

(e)  Within thirty (30) months from the Execution Date (i.e., by June 21, 2010), Steamroller shall pay to the order of Nasso the sum of Fifty Thousand Dollars ($50,000.00).

(f)  Within three years from the Execution Date (i.e., by December 21, 2010), Steamroller shall pay to the order of Nasso the sum of Fifty Thousand

2

DEC. 22. 2007 11:23AM    COPY SHOP INC.                    NO. 4230   P. 4/17

                                                                           p.3

Dec 21 07 08:58p

Dollars ($50,000.00).

(g) Within forty-two (42) months from the Execution Date (i.e., by June 21, 2011), Steamroller shall pay to the order of Nasso the sum of Fifty Thousand Dollars ($50,000.00).

(h) Within four years from the Execution Date (i.e., by December 21, 2011), Steamroller shall pay to the order of Nasso the sum of Fifty Thousand Dollars ($50,000.00).

(i) Within fifty-four (54) months from the Execution Date (i.e., by June 21, 2012), Steamroller shall pay to the order of Nasso the sum of Fifty Thousand Dollars ($50,000.00).

(j) Within five years from the Execution Date (i.e., by December 21, 2012), Steamroller shall pay to the order of Nasso the sum of [Fifty Thousand Dollars ($50,000.00)], representing the balance of the Settlement Payment,

In the event of any failure to make a timely payment as set forth in paragraphs 2(a)-2(j), above, and failure to cure same within twenty-four (24) business days after notice to the Seagal Parties and its counsel pursuant to paragraph 17, the then outstanding payment shall accrue interest thereon at the rate of ten percent (10%) per annum. Seagal shall pay all reasonable expenses, including the reasonable fees of Nasso's counsel, that Nasso may incur in collecting the payments due him under this Settlement Agreement in the event of Seagal's failure to make timely payments as set forth in paragraphs 2(a)-1(j), above, and failure to cure same within twenty-four (24) business days after notice to Seagal and his counsel pursuant to paragraph 19,

<u>Dissolution of Seagal-Nasso Entities</u>

3. Within thirty (30) days of the Execution Date, Nasso, at Nasso's sole expense, shall cause all corporations and other entities containing the names of Seagal and Nasso together, including, without limitation, Seagal-Nasso Productions, Inc., Seagal-Nasso Distribution LLC and Seagal-Nasso Films, Inc. (collectively, the "Seagal-Nasso Entities"), to be dissolved in accordance with the laws and procedures of all jurisdictions in which such corporations and entities were formed and were doing business. Immediately prior to the dissolutions, any and all assets owned by such corporations and entities shall be distributed to Seagal and Nasso in accordance with their respective equity ownership percentages.   Promptly following the dissolution of the Seagal-Nasso Entities, Nasso shall send to the Seagal Parties all written documentation prepared and filed evidencing all of such dissolutions. Thereafter, each of the Seagal Parties and the Nasso Parties agree not to form any corporations or entities containing the names of Seagal and Nasso together.

<u>Release of Claims by the Seagal Parties</u>

4. Seagal and the Seagal Parties, for themselves and, as the case may be, their respective past and present agents, partners, principals, representatives, officers, directors, shareholders, managers, members, employees, attorneys, accountants, consultants, independent

3

contractors, advisors, insurers, transferees, guarantors, sureties, parents, subsidiaries, affiliates, joint ventures, spouses, heirs, beneficiaries, devisees, executors, estates, administrators, predecessors, successors, assigns, and all other persons and entities acting or purporting to act on their behalf and any and all firms, corporations, associations, partnerships and other entities affiliated with, controlled by or otherwise related to them (hereinafter "Constituents"), hereby absolutely, fully and forever release, relieve, waive and discharge Nasso, the Nasso Parties, and their Constituents of and from any and all claims, demands, disputes, controversies, actions, causes of action, obligations, suits, debts, defenses, sums of money, accounts, liens, costs, expenses, damages, liabilities and potential liabilities of any nature whatsoever, whether fixed or contingent, at law or in equity, known or unknown, liquidated or unliquidated, suspected or unsuspected, direct or indirect, matured or unmatured, foreseen or unforeseen, which Seagal, the Seagal Parties and/or their Constituents ever had, now have or hereinafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, including, without limitation, the Nasso State Court Action, the Nasso Federal Court Action, the Seagal State Court Action, the Seagal Federal Court Action, any matter, cause or thing whatsoever which were or could have been asserted in the Nasso State Court Action, the Nasso Federal Court Action, the Seagal State Court Action and the Seagal Federal Court Action, and any and all other disputes and claims which Seagal, the Seagal Parties and/or their Constituents may have against Nasso, the Nasso Parties or any of their Constituents relating to any agreement, matter or transaction involving said parties, except that this release does not release and shall not be construed to release any rights, obligations or claims arising out of this Settlement Agreement.

<u>Release of Claims by the Nasso Parties</u>

5.     Nasso and the Nasso Parties, for themselves and, as the case may be, their respective Constituents, hereby absolutely, fully and forever release, relieve, waive and discharge Seagal, Steamroller and their respective Constituents of and from any and all claims, demands, disputes, controversies, actions, causes of action, obligations, suits, debts, defenses, sums of money, accounts, liens, costs, expenses, damages, liabilities and potential liabilities of any nature whatsoever, whether fixed or contingent, at law or in equity, known or unknown, liquidated or unliquidated, suspected or unsuspected, direct or indirect, matured or unmatured, foreseen or unforeseen, which Nasso, the Nasso Parties and/or their Constituents ever had, now have or hereinafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, including, without limitation, the Nasso State Court Action, the Nasso Federal Court Action, the Seagal State Court Action, the Seagal Federal Court Action, any matter, cause or thing whatsoever which were or could have been asserted in the Nasso State Court Action, the Nasso Federal Court Action, the Seagal State Court Action and the Seagal Federal Court Action, and any and all other disputes and claims which Nasso, the Nasso Parties and/or their Constituents may have against Seagal, Steamroller or any of their Constituents relating to any agreement, matter or transaction involving said parties, except that this release does not release and shall not be construed to release any rights, obligations or claims arising out of this Settlement Agreement.

<u>Knowing and Voluntary Waiver</u>

6.     Each party to this Agreement acknowledges that it is their intention that this Agreement shall be effective as a full and final accord and satisfaction and settlement of and as a

4

bar to each and every claim, demand, debt, account, liability, obligation, cost, expense, lien, action and cause of action, heretofore referred to and released, which any of them now have, or may have in the future, or has had, against one another with respect to all claims which have been released pursuant to the terms hereof. In connection with such waiver and relinquishment, the parties acknowledge that they are aware that they may hereafter discover facts different from, or in addition to, the facts which they now know or believe to be true, but that it is their mutual intention hereby to fully, finally, absolutely and forever settle any and all of such claims, disputes and differences which now exist, may exist or heretofore have existed against or between one another, and that in furtherance of such intention the release herein given shall be and remain in effect as full and complete general release notwithstanding the discovery of any such different or additional facts. The parties expressly waive and relinquish any and all rights and benefits afforded by Section 1542 of the Civil Code of the State of California and any similar laws of any state or jurisdiction. Said Section 1542 reads as follows:

"1542. [Certain claims not affected by general release]. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

## Dismissal of Actions

7.      Simultaneously with the execution and delivery hereof, counsel for the parties are also executing a Stipulation of Dismissal, stipulating to dismiss the Nasso Federal Court Action (including the Nasso State Court Action) with prejudice and with each of the parties bearing his or its own costs, including attorneys' fees. Within ten (10) days from the Execution Date, counsel for Nasso shall file the signed Stipulation of Dismissal with the Court to be "So Ordered."

8.      Simultaneously with the execution and delivery hereof, counsel for the parties are also executing a Stipulation of Dismissal, stipulating to dismiss the Seagal Federal Court Action (including the Seagal State Court Action) with prejudice and with each of the parties bearing his or its own costs, including attorneys' fees. Within ten (10) days from the Execution Date, counsel for the Seagal Parties shall file the signed Stipulation of Dismissal with the Court to be "So Ordered."

## Indemnification Relating to Montana Property

9.      Seagal agrees to indemnify and hold harmless Nasso from any third party claims, demands, disputes, controversies, actions, causes of action, obligations, costs, damages and liabilities, asserted against Nasso on or after the Execution Date, arising from or relating to the sale of real property on or about July 27, 1998 named Sun Ranch and located in Madison Valley, Montana (the "Montana Property"), including any claims against Nasso arising from or relating to allegations of Nasso's partial ownership of the Montana Property. Nasso hereby certifies that Nasso currently has no ownership interests in or rights to the Montana Property or any other property or assets owned or controlled by the Seagal Parties.

10.     Nasso's right to indemnification shall survive until the expiration of any

applicable statutes of limitations concerning any claims, demands, disputes, controversies, actions, causes of action, obligations, costs, damages and liabilities against Nasso arising from or relating to the sale of the Montana Property.

11.   Nasso's right to indemnification shall be conditioned upon the following:

(a) Within thirty days after receipt by Nasso of asserted or threatened claims or the commencement of any action by a third party against Nasso arising from or relating to the Montana Property (an "Indemnified Claim"), Nasso will give written notice thereof to Seagal and provide sufficient information concerning the Indemnified Claim to allow Seagal to reasonably determine whether the Indemnified Claim is subject to the indemnification provisions hereof. Notice of Indemnified Claims shall be made subject to paragraph 17 of this Settlement Agreement.

(b) If notice of an Indemnified Claim is given by Nasso to Seagal, Seagal shall be entitled to participate in the defense of the Indemnified Claim, and may assume the defense of such Indemnified Claim with counsel selected by Seagal.

(c) If Nasso asserts that a claim is an Indemnified Claim, no compromise or settlement of such Indemnified Claim may be effected without Seagal's consent, which shall not be unreasonably withheld or delayed.

(d) In the event an Indemnified Claim is asserted or threatened, Nasso agrees to provide Seagal, and his representatives and attorneys, with reasonable access to the property, books and records, and representatives of Nasso, as reasonably necessary in connection with the preparation for a defense of the Indemnified Claim.

## Assurances Concerning Nasso Pardon Application

12.   In the event Nasso seeks a pardon in connection with his conviction for conspiracy to extort Seagal in U.S. v. Vincent Nasso and Julius Nasso, No. 02-CR-606 (E.D.N.Y.), Seagal agrees not to oppose such application for a pardon and to offer reasonable cooperation in connection with such application, with Seagal's expenses and attorney's fees related thereto, if any, to be paid by Nasso. Simultaneously with the execution and delivery of this agreement, Seagal will execute and deliver a letter concerning his support for any such pardon application in the form annexed hereto as Exhibit A. In addition, subject to appropriate waivers of conflicts of interest, Seagal's counsel will assist and advise Nasso on any such application, with Seagal's expenses and any attorneys' fees of Seagal's counsel being paid by Nasso from the escrowed payments referenced in paragraphs 2(i)-(j), above.

## Assurances Concerning Loeb & Loeb Litigation

13.   Seagal agrees to offer reasonable cooperation in connection with Nasso's pending litigation against Loeb & Loeb in New York state court, including but not limited to allowing Nasso use of otherwise confidential information related to this Settlement Agreement,

the Nasso State Court Action or the Nasso Federal Court Action in that litigation (as set forth in paragraph 14, below), with Seagal's expenses and attorney's fees related thereto to be paid by Nasso.

### Confidentiality

14.    The parties agree that while the fact of the Nasso State Court Action, the Nasso Federal Court Action, the Seagal State Court Action, the Seagal Federal Court Action, and the settlement thereof are not confidential, any and all terms and conditions of the Settlement Agreement, including the amounts paid therein, are confidential. The parties and their attorneys agree that they will not divulge confidential information pertaining to the settlement to any third parties, other than to their own attorneys, accountants, or other professional advisors, except upon the written consent of each party, to enforce this Settlement Agreement or as required by law (including court order). The parties will issue a joint press statement confirming the settlement of the Nasso Federal Court Action and the Seagal Federal Court Action in the form annexed hereto as Exhibit B. The parties further agree not to disclose any information or documentation acquired or exchanged during the course of or relating to the Nasso State Court Action, the Nasso Federal Court Action, the Seagal State Court Action, or the Seagal Federal Court Action, unless otherwise a matter of public record or as necessary in Nasso's litigation against Loeb & Loeb or as otherwise required by law (including subject to a court order).

### Interpretation

15.    The terms and language of this Settlement Agreement are the result of negotiations between the parties and there shall be no presumption that any ambiguities in this Settlement Agreement should be resolved against any party. Each of the parties hereby acknowledges that each party is a co-author of this Settlement Agreement. Any controversy concerning the construction of this Settlement Agreement shall be decided neutrally, in light of its conciliatory purposes and without regard to authorship.

16.    This Settlement Agreement and all rights hereunder shall be interpreted and construed in accordance with the laws of the State of New York without regard to the conflicts of law provisions thereof which may direct the application of the laws of another jurisdiction. Any action to enforce this Settlement Agreement shall be brought in the United States District Court, Southern District of New York, and the parties agree to personal jurisdiction and venue in New York.

### Notice

17. All notices pertaining to this Settlement Agreement shall be in writing and shall be sufficient if sent by certified mail, return receipt requested, or by overnight courier as follows:

(a) If to Nasso, to:

Julius R. Nasso
16 Wakefield Road
Staten Island, New York  10312

with a copy to:

Robert J. Hantman, Esq.
Hantman & Associates
1414 Avenue of the Americas
Suite 406
New York, New York 10019

If to the Seagal Parties, to:

Steven Seagal
c/o Steamroller Productions, Inc.
1438 North Gower Street
Building 70, Room 222
Hollywood, California 90028

with copies to:

Abbe D. Lowell, Esq.
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005

Eric Przybylko, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112

<ins>Finality; Survival</ins>

18.   Each party acknowledges and stipulates that (a) it or he has been represented by counsel of its or his own choosing in connection with the negotiation, drafting and execution of this Settlement Agreement, and has had an opportunity to have said Settlement Agreement reviewed by other counsel of its or his choice in order to obtain a second opinion, and is satisfied with the professionalism and efforts of its or his counsel, and (b) the compromise and settlement which form the bases of this Settlement Agreement have been arrived at after thorough negotiation, and represent a mutually agreeable compromise which fully, finally and forever settles the matters covered by this Settlement Agreement. All rights, representations and obligations set forth in this Settlement Agreement shall survive the execution and delivery of this Settlement Agreement.

<ins>Entire Agreement</ins>

19.   This Settlement Agreement is a fully integrated Settlement Agreement which sets forth the entire agreement and understanding of the parties, and supersedes any and all prior agreements, arrangements, representations and understandings among the parties, whether oral or written, concerning or relating to the subject matter hereof.

8

### Severability

20.   If any provision(s) of this Settlement Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of the Settlement Agreement shall not in any way be impaired thereby, and such remaining provisions shall continue to be valid, binding and enforceable.

### Amendment

21.   No amendment or other change in any provision of this Settlement Agreement shall be binding on any party unless embodied in a writing signed by each party or an authorized representative thereof.

### Waiver

22.   The failure of a party at any time to require performance of any provision hereof shall in no manner affect its or his right at a later time to enforce the same, and no waiver by a party of any condition or of any breach of any provision contained in this Settlement Agreement shall be effective unless embodied in a writing signed by the party or an authorized representative thereof.

### Execution in Counterparts

23.   This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  This Settlement Agreement may be executed by facsimile, and signatures on a facsimile copy hereof shall be deemed authorized original signatures.

### Binding Effect

24.   The releases provided herein shall be binding upon, extend to and inure to the benefit of the parties hereto, and any and all of their respective Constituents.

### Forbearance

25.   Nasso and the Nasso Parties, on the one hand, and Seagal and the Seagal Parties, on the other hand, on behalf of themselves and their respective Constituents, shall forever forbear from voluntarily commencing, instituting or participating (either as named or unnamed parties) in any action or proceeding against the other or his or its Constituents, whether brought by them, or by others on their behalf, with respect to the claims herein released and discharged.

### No Assignments

26.   This Settlement Agreement, and the rights and obligations contained herein, cannot be assigned, in whole or in part, by any party without the prior written consent of the other parties. Each party to this Settlement Agreement represents and warrants to the other party to this Agreement that he or it has not assigned or transferred or attempted to assign or transfer,

DEC. 22. 2007 11:25AM   COPY SHOP INC.                    NO. 4230   P. 11/17

Dec 21 07 09:01p   JULIUS R. NASSO                   r1856721e4        p.10

nor will he or it assign or transfer, voluntarily, involuntarily or by operation of law, any claim released pursuant to this Settlement Agreement, or any part or portion thereof, to any person or entity not a party to this Agreement.

No Liability

27.   Each of the parties hereto agrees that this Settlement Agreement is the result of a compromise, and no party is admitting any responsibility or liability relating to the claims or disputes that have arisen among the parties hereto prior to the date hereof.

Additional Documents; Cooperation

28.   Each of the parties hereto agrees to execute any and all additional documents or instruments, to cooperate with the other parties and to do any and all things necessary or desirable to effectuate the purposes of this Agreement.

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be executed and delivered as of the date first written above.

_____
Julius R. Nasso, an Individual

SEAGAL-NASSO PRODUCTIONS, INC.

By: _____
Julius R. Nasso
Title: V.P.

SEAGAL-NASSO DISTRIBUTION LLC

By: _____
Julius R. Nasso
Title: V.P.

SEAGAL-NASSO FILMS, INC.

By: _____
Julius R. Nasso
Title: V.P.

10

_____
Steven Seagal, an individual

STEAMROLLER PRODUCTIONS, INC.

By: _____
Steven Seagal, President

11

DEC. 22. 2007 11:25AM    COPY SHOP INC.

NO. 4230    P. 13/17

p.12

Dec 21 07 09:02p

Exhibit A

DEC. 22. 2007 11:25AM    COPY SHOP INC.                    NO. 4230   P. 14/17

p.13 X

Dec 21 07 09:02p

December 21, 2007

Office of the Pardon Attorney
Department of Justice
10th & Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Re:   Jules R. Nasso

To Whom It May Concern:

        I am writing this letter to indicate that I have no objections to and would support the
application (when it is timely) of Jules R. Nasso for a Presidential pardon.

                                        Sincerely,


                                        Steven Seagal

DEC. 22. 2007 11:26AM    COPY SHOP INC.

Dec 21 07 09:02p

NO. 4230    P. 15/17

p.14

Exhibit B

PRESS STATEMENT

For more information contact:

  Robert J. Hantman ~ 212-684-3933 (Counsel for Jules R. Nasso)
  Abbe D. Lowell ~ 202-756-8001 (Counsel for Steven Seagal)

New York ~ December 21, 2007

Steven Seagal, the action film star, musician and singer-songwriter, and Jules R. Nasso, the movie producer, announced through their counsel today that they have resolved their disputes and have agreed to dismiss the litigations each has brought against the other. The two former business associates stated that they were happy to resolve their differences and wished each other success in the future.

Steven Seagal
Steamroller Productions, Inc.
1438 North Gower Street
Building 70, Room 222
Hollywood, California  90028

December 21, 2007

Office of the Pardon Attorney
Department of Justice
10th & Pennsylvania Avenue, N.W.
Washington, D.C. 20530

                Re:    Julius R. Nasso

To Whom It May Concern:

    I am writing this letter to indicate that I have no objections to and would support the application (when it is timely) of Julius R. Nasso for a Presidential pardon.

                Sincerely,

                Steven Seagal

## AMENDMENT NO. 2
## TO
## SETTLEMENT AGREEMENT AND RELEASES

AMENDMENT NO. 2 dated as of February 3, 2009 ("Amendment No. 2") to SETTLEMENT AGREEMENT AND RELEASES dated as of December 21, 2007 ("Settlement Agreement") (the Settlement Agreement, as amended hereby and by Amendment No. 1 dated as of September 22, 2008, is hereinafter referred to as the "Agreement") by and among Julius R. Nasso ("Nasso"), individually and as shareholder of Seagal-Nasso Productions, Inc., Seagal-Nasso Distribution LLC and Seagal-Nasso Films, Inc. (collectively, the "Nasso Parties"), and Steven Seagal ("Seagal") and Steamroller Productions, Inc. ("Steamroller") (collectively, the "Seagal Parties").

### WITNESSETH:

WHEREAS, the parties desire to amend certain provisions of the Agreement as provided herein.

NOW, THEREFORE, the parties hereto agree as follows:

### ARTICLE I

### AMENDMENTS TO AGREEMENT

1.1      This Amendment No. 2 amends, restates and supersedes Amendment No. 1 referenced above.

1.2      The Nasso Parties continue to have the obligation to cause the dissolution of all three (3) of the Seagal-Nasso Entities described in Paragraph 3 of the Agreement.  Without waiving any rights or remedies available to them and notwithstanding the fact that said obligation has not yet been satisfied, the Seagal Parties shall make the following payments to the Nasso Parties:  (i) the first payment pursuant to Paragraph 2 of the Agreement in the amount of $25,000; and (ii) $10,000 against the second payment of $75,000, for a total of $35,000 within ten (10) business days following the execution of this Amendment No. 2 by the Nasso Parties.

1.3      The Seagal Parties, with the cooperation of the Nasso Parties, shall assume the Nasso Parties' obligation in the Agreement to dissolve Seagal-Nasso Films, Inc., a California corporation.  In order to accomplish the dissolution, the Seagal Parties shall prepare and file applicable tax and corporate filings in order to place Seagal-Nasso Films, Inc. in a position to be reinstated and subsequently dissolved.  The Seagal Parties shall pay one hundred percent (100%) of all of the back taxes, penalties and associated accounting and attorneys' fees necessary to prepare and file such applicable tax and corporate filings.  Thereafter, the Seagal Parties shall pay one hundred percent (100%) of all of the fees and associated accounting and attorneys' fees necessary to prepare and file all applications and forms necessary to complete the dissolution of

NASSO PARTIES            SEAGAL PARTIES

1

Seagal-Nasso Films, Inc.  Following the dissolution of Seagal-Nasso Films, Inc., the Seagal Parties shall send to the Nasso Parties copies of all written documentation prepared and filed evidencing the completion of the dissolution of Seagal-Nasso Films, Inc.

1.4    The Nasso Parties shall send to the Seagal Parties copies of all written documentation prepared and filed evidencing the completion of the dissolutions in all applicable jurisdictions of both Seagal-Nasso Productions, Inc. and Seagal-Nasso Distribution LLC as described in Paragraph 3 of the Agreement.  Within ten (10) business days following (i) the receipt by the Seagal Parties from the Nasso Parties of such written documentation to the Seagal Parties' satisfaction, and (ii) the completion of the dissolution of Seagal-Nasso Films, Inc. in all applicable jurisdictions, the Seagal Parties will then deduct, from the second payment to be made to the Nasso Parties pursuant to Paragraph 2 of the Agreement in the amount of $75,000 (less $10,000 payable in accordance with Paragraph 1.2 hereof), fifty percent (50%) of all of the back taxes, penalties and associated accounting and attorneys' fees incurred by the Seagal Parties as specified above, and remit the difference to the Nasso Parties in full satisfaction of such second payment.

1.5    Nasso hereby grants the right and authority to any of the Seagal Parties for the sole and limited purposes of executing any and all applicable tax and corporate filings, forms, returns and applications in connection with the reinstatement and dissolution of Seagal-Nasso Films, Inc. in his name, place and stead and as his attorney-in-fact for such purposes, which power is coupled with an interest and is irrevocable.

## ARTICLE II

## MISCELLANEOUS

2.1  Except as amended by this Amendment No. 2, all other terms and provisions of the Agreement shall continue in full force and effect and unchanged and are hereby reconfirmed in all respects.

2.2  This Amendment No. 2 shall be governed by, and construed in accordance with, the laws of the State of New York.

2.3  This Amendment No. 2 may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  This Amendment No. 2 may be executed by facsimile and scanned copy by e-mail, and signatures on a facsimile or scanned copy hereof shall be deemed authorized original signatures.

IN WITNESS WHEREOF, the parties have executed this Amendment No. 2 as of the day and year first above written

Julius R. Nasso, an individual

_____          _____
NASSO PARTIES                      SEAGAL PARTIES

2

SEAGAL-NASSO PRODUCTIONS, INC.

By: _____
Julius R. Nasso
Title: _____

SEAGAL-NASSO DISTRIBUTION LLC

By: _____
Julius R. Nasso
Title: _____

SEAGAL-NASSO FILMS, INC.

By: _____
Julius R. Nasso
Title: _____

_____
Steven Seagal, an individual


STEAMROLLER PRODUCTIONS, INC.

By: _____
Steven Seagal, President


_____          _____
NASSO PARTIES                     SEAGAL PARTIES

# EXHIBIT C

ROBERT J. HANTMAN, ESQ.
HANTMAN & ASSOCIATES
1515 BROADWAY, 11TH FLOOR
NEW YORK, NY 10036
(212) 684-3933
ATTORNEYS FOR PLAINTIFF
REF.: 731942

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NUMBER: 10CV2277

JULIUS R. NASSO                    PLAINTIFF(S)

v.

STEVEN SEAGAL, ET AL.              DEFENDANT(S).

**PROOF OF SERVICE**
**SUMMONS AND COMPLAINT**
(Use separate proof of service for each person/party served)

1.  At the time of service I was at least 18 years of age and not a party to this action and I served copies of the (specify documents):
    a.
    - ☒ summons
    - ☒ complaint
    - ☐ alias summons
    - ☐ other (specify):
    - ☐ first amended complaint
    - ☐ second amended complaint
    - ☐ third amended complaint
    - ☐ third party complaint
    - ☐ counter claim
    - ☐ cross claim

2.  Person served:
    a. ☒ Defendant (name): STEVEN SEAGAL
    b. ☒ Other (specify name and title or relationship to the party/business named):ALAN L. TIVOLI, AGENT FOR SERVICE OF PROCESS C/O TINA GRAZOLI, AUTHORIZED PERSON TO ACCEPT SERVICE OF PROCESS
    c. ☒ Address Where papers were served: 5900 WILSHIRE BLVD., SUITE 2250, LOS ANGELES, CA 90036

3.  Manner of service in compliance with (the appropriate box must be checked):
    a. ☒ Federal Rules of Civil Procedure
    b. ☐ California Code of Civil Procedure

4.  I served the person named in Item 2:
    a. ☒ By Personal service. By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.
        1. ☒ Papers were served on (date): MAY 25, 2010          at (time): 4:40 PM
    b. ☐ By Substituted service. By leaving copies:
        1. ☐ (home) at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.
        2. ☐ (business) or a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers.
        3. ☐ Papers were served on (date): _____          at (time): _____
        4. ☐ by mailing (by first-class mail, postage prepaid) copies to the person served in item 2(b) at the place where the copies were left in Item 2(c).
        5. ☐ papers were mailed on (date): _____
        6. ☐ due diligence. I made at least three (3) attempts to personally serve the defendant. (Attach separate declaration regarding due diligence).
    c. ☐ Mail and acknowledgment of service. By mailing (by first-class mail or airmail, postage pre-paid) copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid to the sender. (Attach completed Waiver of Service of Summons and Complaint).

d. ☒ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Clv.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment of by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, a mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing (by first-class mail, postage prepaid) copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of state requires a court order. **(Attach a copy of the order to this proof of service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. **(Attach signed return receipt o other evidence of actual receipt by the person served).**

h. ☐ **Other (specify code section and type of service):**

5. **Service upon the United States, and Its Agencies, Corporations or Officers.**
   a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.
   Name of person served:
   Title of person served:
   Date and time of service: *(date):* _____ at *(time):* _____
   b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attached signed return receipt of other evidence of actual receipt by the person served).**
   c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving (name, address and telephone number):
   MIGRAN AMACHYAN
   800 W. 1ˢᵗ STREET, SUITE 200-B
   LOS ANGELES, CA 90012
   (213) 607-9000
   REG. NO.: 6066 (EMPLOYEE)
   COUNTY: LOS ANGELES

   a. ☐ Fee for service: $
   b. ☐ Not a Registered Process Server
   c. ☐ Exempt from registration B&P 22350(b)
   d. ☒ Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: **MAY 27, 2010**

_____
*(Signature)*

# EXHIBIT D

Case 1:10-cv-02277-SHS   Document 3   Filed 04/13/2010   Page 1 of 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name State Bar Number and Address):*<br>ROBERT J. HANTMAN, ESQ.<br>HANTMAN & ASSOCIATES<br>1515 BROADWAY, 11TH FLOOR<br>NEW YORK, NY 10036 | TELEPHONE NO.:<br><br>(212) 684-3933 | FOR COURT USE ONLY |
|---|---|---|
| | Ref. No. or File No.:<br><br>726172 | |

ATTORNEY FOR *(Name):*  PLAINTIFF

Insert name of court and name of judicial and branch court, if any:
UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK

SHORT TITLE OF CASE:
JULIUS R. NASSO VS. STEVEN SEAGAL AND STEAMROLLER PRODUCTIONS, INC.

| | HEARING DATE: | TIME: | DEPT./DIV.: | CASE NUMBER:<br>10 CV 2277 |
|---|---|---|---|---|
| **PROOF OF SERVICE** | | | | |

1. I served the:
   a. **SUMMONS IN A CIVIL ACTION;  COMPLAINT**

   b. on *(name):* STEAMROLLER PRODUCTIONS, INC.

   c. by serving:  ALAN L. TIVOLI, AGENT FOR SERVICE C/O ATHENA GRAZZIANI, AUTHORIZED PERSON FOR SERVICE

   d. by delivery:  ☐ AT HOME   ☒ AT BUSINESS   ☐ OTHER
      1. date:  APRIL 6, 2010
      2. time:  2:06 PM
      3. address: 5900 WILSHIRE BLVD., SUITE 2250
                  LOS ANGELES, CA  90036

   e. ☐ by mailing
      1. date:
      2. place:

   d. ☐ witness fees were paid.              f. ☐ copying fees were paid.
         amount:...................$_____         amount:...................$_____

2. Manner of service:  PERSONAL SERVICE

3. At the time of service I was at least 18 years old and not a party to the action.

4. Process Server:                          [X] Registered California Process Server
   GABRIELA MELENDEZ                        Registration Number: 5644
   USA LEGAL NETWORK                        County:  LOS ANGELES
   800 W. 1ST ST., SUITE 200-B         Fee for service:
   LOS ANGELES, CA  90012
   (213) 607-9000

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on :

Signature_____

Date:  APRIL 7, 2010

# EXHIBIT E

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6|10|10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JULIUS R. NASSO,                           :        10 Civ. 2277 (SHS)

                         Plaintiff,        :

          -against-                        :        ORDER

STEVEN SEAGAL and STEAMROLLER              :
PRODUCTIONS, INC.,

                                           :

                         Defendants.

------------------------------------------------------------------x

SIDNEY H. STEIN, U.S.D.J.

          A pretrial conference having been held today, with counsel for plaintiff present,

and no appearance on behalf of defendants,

          IT IS HEREBY ORDERED that:

          1.      There will be a pretrial conference on July 8, 2010, at 10:00 a.m.;

          2.      If plaintiff wishes to move for a default judgment against one or both

defendants, he shall do so by motion, on notice to defendants, returnable on July 8, 2010, at

10:00 a.m.; and

          3.      Plaintiff's attorney shall send a copy of this Order to defendants.

Dated: New York, New York
       June 10, 2010

                                          SO ORDERED:

                                          _____
                                          Sidney H. Stein, U.S.D.J.